Basra v. Holder

BIA
A078 725 336
A078 725 337

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of September, two thousand ten.

PRESENT:
>      JOSÉ A. CABRANES,
>      ROBERT D. SACK,
>      DEBRA ANN LIVINGSTON,
>           *Circuit Judges*.

——————————————————————————————————————

HARINDER SINGH BASRA, HARVINDER
KAUR BASRA
>      *Petitioners*,

>                                     09–3189–ag

>      v.                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>      Respondent.

——————————————————————————————————————

FOR PETITIONERS:        Jaspreet Singh, Jackson Heights, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; Elizabeth Young, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners, Harinder Singh Basra and Harvinder Kaur Basra, natives and citizens of India, seek review of a July 7, 2009, order of the BIA denying their motion to reopen their removal proceedings. *In re Basra*, Nos. A078 725 336/337 (B.I.A. July 7, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien may file only one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). There is no dispute that the Petitioners' motion to reopen – filed

2

over four years after the BIA issued a final order in their case – was untimely. However, these limitations do not apply if the alien establishes materially changed circumstances arising in the country of nationality. 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA reasonably found that the Petitioners did not establish changed country conditions excusing the time limitation on their motion to reopen. Although the Petitioners assert that Indian police and security forces continue to engage in various types of misconduct, there was no indication that such conduct was aimed at Sikhs or pro-Sikh groups, or that such problems did not exist prior to the Petitioners' departure from India in 1999. Thus, the BIA reasonably found that the Petitioners' submissions in support of their motion to reopen reflected only "a continuation of circumstances substantially similar to those that existed at the time of [their] hearing with regard to the treatment of Sikhs in India." Moreover, the BIA reasonably declined to afford any weight to letters from the Petitioners' friends and family given the similarities among the letters and the lack of any details regarding why the police visited their homes looking for the Petitioners. *See*

3

*Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *cf. Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 519 (2d Cir. 2007) (finding that when two documents allegedly provided by different persons "are strikingly similar in their structure or language," an IJ may "treat those similarities as evidence supporting an adverse credibility finding.").

Although the Petitioners additionally argue that the BIA impermissibly declined to analyze their claim of a well-founded fear of future persecution, because the BIA reasonably determined that they failed to meet the threshold requirement of demonstrating changed country conditions that would excuse the time limitation on their motion to reopen, it was under no obligation to analyze that claim. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(2), (3). We therefore conclude that the BIA did not abuse its discretion in denying the Petitioners' untimely motion to reopen. *See Ali*, 448 F.3d at 517.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

4

this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk